## MATTHEW *v.* THE PENNSYLVANIA R. Co.[*]

(*Circuit Court, E. D. Pennsylvania.* June 22, 1881.)

1. PATENT—LICENSE—CONSTRUCTION OF.

A license to use a patented invention upon the locomotives used by a railroad company on its road, or on "any road or roads now owned or that may hereafter be owned or operated by said company," embraces not only locomotives in use at the date of the license upon roads then owned and operated by the company, but also such other locomotives as it might thereafter use, and other roads which it might thereafter operate.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

**ℓ. SAME—RIGHT OF LICENSOR TO RAISE QUESTION OF POWER OF LICENSEE TO OPERATE OTHER ROADS.**

One who grants to a railroad company a license to use a patented invention on roads "that may hereafter be owned or operated by said company," cannot subsequently, upon a bill to restrain the company from the use of the invention, call in question the legal right of the company to operate other roads.

*Hearing on Bill and Plea.*

The bill was filed to restrain the use of the invention embraced in letters patent No. 22,439, issued to complainant for an improvement in locomotive axle bearings. The bill admitted the purchase by defendants, in 1861, of a license to use said invention, but alleged that defendants had used it in locomotives acquired since the date of the license, and under chartered rights and privileges acquired since that date as lessee of several railroads not contemplated or embraced in said license. Defendants filed a plea, setting up the license referred to, the material part of which was as follows:

"The Pennsylvania Railroad Company is * * * hereby authorized and licensed to make and use all of said improvements and inventions so patented as aforesaid, for and during the several terms of the patents, and any extension of either of the same, in, upon, and about the locomotive engines used by the said The Pennsylvania Railroad Company, on the Pennsylvania Railroad, or any road or roads now owned, or that may hereafter be owned or operated by the said company."

Complainant claimed that the license embraced only locomotives in use at its date, and, further, that defendants had no legal right to operate the other roads on which it was using the invention.

*William W. Hubbell,* for complainant.

*Andrew McCallum* and *David W. Sellers,* for respondents.

BUTLER, D. J. The license pleaded covers the use complained of. The terms: "Upon and about the locomotive engines used by the said The Pennsylvania Railroad Company, on the Pennsylvania Railroad, or any road or roads now owned, or that may hereafter be owned or operated by said company," are of the broadest signification, and very plainly embrace, not only locomotive engines in use at the date of the license, upon roads then owned or operated by the company, but also such other engines as it may thereafter use, and other roads which it may thereafter operate. The contracted interpretation claimed by the plaintiff, is not justified by any rule of construction, or any special circumstances appearing in the case.—Nor can the plaintiff call in question the defendant's right to operate the roads on which the engines are employed. The license was intended to cover all use which the defendant might, at any time, have for the

inventions. Whether the defendant can lawfully obtain the right to operate other roads, is unimportant. The plaintiff supposed it could, and conferred the privilege of using his inventions on such roads. The statement in the bill, that the inventions are used "under chartered privileges acquired since the date of the license," is also unimportant. It does not follow that the use has been extended or increased, by reason of such subsequently-acquired privileges.

The plea is sustained.